PER CURIAM
John Charles McDonald, Arthur W. Genasci, and Leta Genasci formed JMAG, Inc. ("JMAG") and G&M Realty Investments, LLC ("G&M") to own and operate a new restaurant in St. Charles. A dispute between McDonald and Mr. Genasci just prior to the restaurant's opening led to Mr. and Mrs. Genasci excluding McDonald from participating in the business. McDonald sued Mr. and Mrs. Genasci, JMAG, and G&M, and cross-claims were filed against McDonald. Ultimately, McDonald's claims of fraud and breach of fiduciary duty and JMAG's counter claims of breach of contract and breach of fiduciary duty were tried to a jury. The jury returned its verdicts for McDonald. The court then held a bench trial on McDonald's remaining equitable claims and motion for attorney fees. The court ruled against McDonald on his equitable claims but awarded McDonald attorney fees.
Mr. Genasci, Mrs. Genasci, JMAG, and G&M (the "Genascis") appeal, raising five points. The Genascis claim the trial court erred by: 1) entering judgment for McDonald on the breach of fiduciary duty claim against Mrs. Genasci because there was no evidence Mrs. Genasci intentionally misappropriated McDonald's capital contributions, wrongfully expelled McDonald from G&M or JMAG, or failed to act in McDonald's best interests; 2) submitting a breach of fiduciary duty instruction against Mrs. Genasci because there was no substantial evidence to support it; 3) submitting the breach of fiduciary duty instructions as to G&M because they set forth the wrong standard applicable to G&M which was governed by G&M's operating agreement; 4) awarding McDonald attorney fees because there was no applicable exception to the American Rule; and 5) entering judgment against Mr. Genasci because McDonald failed to make a submissible case for fraudulent misrepresentation against Mr. Genasci. McDonald cross-appeals, raising two points. McDonald claims the trial court erred by: 1) entering judgment against him on his equitable claims because the trial court erroneously found the jury's verdict fully compensated McDonald; and 2) failing to award McDonald all of his attorney fees and costs. We affirm. An extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16.